# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1208 AGF |
| | ) | |
| UNKNOWN HIGGINBOTHAM, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the failure of the United States Marshals Service ("Marshals Service") to properly serve process in this action in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff filed this action on July 31, 2009, and requested permission to proceed in forma pauperis. On September 9, 2009, the Court granted plaintiff's request to proceed in forma pauperis and ordered the Clerk to serve process on the complaint. The Clerk prepared summonses for each of the defendants and forwarded the summonses to the Marshals Service on September 10, 2009.

The Marshals Service filed returns of service on October 16, 2009. The returns of service indicated that, as to defendants Higginbotham, Law, and Flanagan, the Marshals Service served copies of the summonses on September 25, 2009, at defendants' workplace on defendants' coworkers, specifically a Detective Sergeant and a Patrol Aid. There is no indication that the coworkers who were handed the summonses were authorized by appointment or by law to receive process on behalf of defendants. The summons issued as to defendant Wiese was returned

unexecuted because Wiese was no longer employed by the St. Louis County Police Department when the summons was issued.[1]

On November 3, 2009, the Court reviewed the case file to determine if defendants Higginbotham, Law, or Flanagan were properly served. Upon review, the Court determined that the three defendants were not served in accordance with Rule 4(e) of the Federal Rules of Civil Procedure.

Rule 4(e) of the Federal Rules of Civil Procedure governs serving an individual or a government official named in his or her individual capacity. Rule 4(e)(1)-(2) states that service may be made on an individual by following state law or by:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(1)-(2). Service under Missouri law is substantially similar to service under Rule 4(e)(2). See Mo. R. Civ. P. 54.13(b)(1).

The September 25, 2009, service of process by the Marshals Service was insufficient because there is no indication that defendants' coworkers were "agent[s] authorized by appointment or by law to receive service of process" and because defendants' workplace is not their "dwelling or usual place of abode."

---

[1]On October 16, 2009, the Clerk sent a letter to plaintiff requesting the proper address for defendant Wiese. Plaintiff has not yet responded.

On November 3, 2009, the Court issued an Order directing the Marshals Service to serve the defendants in accordance with the Rules of Civil Procedure no later than November 17, 2009. The Marshals Service served alias summonses on defendants' coworkers on November 19, 2009. The second attempt at serving the three defendants was insufficient for the same reasons as the first attempt. That is, the Marshals service served process at defendants' workplace on persons who were not authorized by appointment or by law to receive process.

Because the Marshals Service has failed twice to serve process on defendants in accordance with Rule 4(e), the Court has not acquired jurisdiction over the defendants. E.g., Peterson v. Sheran, 635 F.2d 1335, 1337 (8th Cir. 1980).

The Court will order the Marshals Service to serve process on the three defendants for a third time. The Marshals Service will be specifically directed as to the manner in which process must be served.

Accordingly,

**IT IS HEREBY ORDERED** that the United States Marshals Service shall serve defendants Higginbotham, Law, and Flanagan in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. Specifically, the Marshals Service shall serve the three defendants by either (1) delivering the summonses to each defendant personally, (2) leaving a copy of the summons at the defendant's dwelling or usual place of abode with someone of suitable age who resides there (NB: defendants' workplace is **not** their dwelling or usual place of abode), or (3) by delivering a copy of the summons to an agent authorized by appointment or by law to receive service of process. If the Marshals Service leaves any summons with a person at defendants' workplace besides any of the individual

defendants, the return of service must indicate that the person who receives the summons has held themselves out to be an agent authorized by appointment or by law to receive service of process.

**IT IS FURTHER ORDERED** that the Marshals Service shall serve the summonses within 14 days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if for any reason the Marshals Service is unable to serve process in accordance with this Memorandum and Order, the Marshals Service shall so notify the Court within 14 days of the date of this Memorandum and Order.

Dated this 18th day of December, 2009.

AUDREY G. FLEISSIG
UNITED STATES MAGISTRATE JUDGE