UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV1208 AGF |
| | ) |
| UNKNOWN HIGGINBOTHAM, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of Defendants Higginbotham, Law, and Flanagan to dismiss Plaintiff's claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff, who is proceeding pro se, has not responded to the motion. Upon review of the file and the grounds asserted by Defendants, the motion will be granted.

**Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556-70 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard

is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556) "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Id. at 1950-51. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**Discussion**

Plaintiff brings this action pro se under 42 U.S.C. § 1983. Plaintiff alleges that Defendant Higginbotham violated Plaintiff's Fourth Amendment rights "when he arrested and searched [Plaintiff] without probable cause," "which resulted in [Plaintiff's] false arrest and imprisonment." Plaintiff further alleges that Defendants Law and Flanagan "falsely arrested and imprisoned" Plaintiff after he had a "verbal confrontation" with Law and two other officers. The complaint names Higginbotham in both his official and individual capacities, while Law and Flanagan are named in their individual capacities only.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Here, the complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of Plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to Higginbotham in his official capacity.

Plaintiff's allegations against Defendants in their individual capacities are merely conclusory and do not state sufficient facts to put forward a legally sufficient claim. Plaintiff merely alleges that Defendants "falsely arrested" him or violated his constitutional rights, but the complaint fails to state the circumstances involving the allegedly unlawful arrests. These conclusory allegations are not entitled to an assumption of truth. And without more, the complaint demonstrates a mere possibility of misconduct but stops short of stating a facially plausible claim. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Higginbotham, Law, and Flanagan in their individual capacities. "Although pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Higginbotham, Law, and Flanagan's motion to dismiss pursuant to Rule 12(b)(6) is **GRANTED**.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 29th day of April, 2010.

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE