UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN M. TRUST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:09CV1208 AGF |
| | ) |
| UNKNOWN HIGGINBOTHAM, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to file an amended complaint. Upon review of the proposed amended complaint and the procedural aspects of this case, the Court finds that the motion should be granted. However, the amended complaint is subject to review under 28 U.S.C. § 1915(e). Having reviewed the amended complaint, the Court will dismiss the claims within it that are frivolous or fail to state a claim upon which relief can be granted.

**Procedural Background**

Plaintiff filed his initial pro se complaint on July 21, 2009, alleging a violation of his civil rights under 42 U.S.C. § 1983 against four Defendants: Officer Higginbotham, Detective Jason Law, Brian Flanagan and Douglas Wiese. Plaintiff was thereafter granted leave to proceed in forma pauperis. After a lengthy period of time, Plaintiff obtained service of process on Defendants Higginbotham, Law and Flanagan. On motion of these Defendants, Plaintiff's complaint against them was dismissed, on April 29, 2010, for failure to state a claim. [Doc. Nos. 42 and 43.] Plaintiff thereafter obtained service on

the remaining Defendant, Douglas Wiese, who filed a motion to dismiss for failure to state a claim. [Doc. No. 52.]

On June 15, 2010, one day prior to the filing of Defendant Wiese's motion to dismiss, Plaintiff filed a motion to amend his complaint.[1] The proposed amended complaint names as Defendants the four individual Defendants named in the initial complaint, as well as St. Louis County and numerous other individuals. Defendants, who were all represented by the same counsel, did not file any opposition to the motion to amend, and their time to do so has expired.

## Motion to Amend

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by the district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

---

[1] Plaintiff had filed a motion to amend a few weeks earlier, which motion was denied without prejudice due to Plaintiff's failure to attach a copy of the proposed amended complaint.

None of the factors justifying denial of a motion to amend appear to be present in this case. The original complaint was filed on July 31, 2009. So, there is no undue delay. There is no evidence that Plaintiff has acted in bad faith or from a dilatory motive. He has not previously moved to cure the deficiencies in his complaint. Defendants could have responded to the motion to state how they might have been prejudiced by any amendments, but they have failed to do so. While Defendants' motion to dismiss has been granted, no final judgment has been entered in this case. And, as will be more fully stated below, the amendments are not futile. As a result, the motion to file an amended complaint will be granted.

**The Amended Complaint**

1. <u>Plaintiff's Allegations</u>

The basis for the Court's jurisdiction is 42 U.S.C. § 1983. Named as Defendants are St. Louis County, Jerry Lee (Chief of Police, St. Louis County Police Department), and the following individuals, all of whom are identified as Police Officers with the St. Louis County Police Department: Craig Higginbotham, Douglas Wiese, Mark Whitson, Jason Law, Brian Flanagan, Michael Bradly, Thomas Noonan, Eric Wally, James Stoner, Allen Williams, and Timothy Cunningham. Plaintiff seeks monetary relief.

Plaintiff alleges that on May 25, 2007, he was standing on the front porch of his mother's apartment talking to his neighbors. Plaintiff says that Defendant Higginbotham approached him there and ordered him to go inside the apartment but that he refused to do so. Plaintiff claims that Higginbotham then ordered him to produce his state

identification and that he again refused to do as Higginbotham ordered. Plaintiff alleges that Higginbotham then took him into custody and took him to the St. Louis County Justice Center. Plaintiff claims he was never charged with any offense as a result of the incident.

Plaintiff alleges that on May 16, 2007, he made a formal complaint against Defendant Whitson, Defendant Wiese, officer Brandt, and officer Fumagalli. Plaintiff maintains that on May 31, 2007, Whitson and Wiese forced their way into his mother's apartment, grabbed him, and pulled him out of the apartment. Plaintiff says one of the Defendants exclaimed that he was under arrest due to a warrant. Plaintiff claims he tried to run away but that Defendants shot him in the back with a Taser. Plaintiff alleges that while he was on the ground and complying with Defendants' commands they shot him with the Taser three or four more times.

Plaintiff states that on July 11, 2007, he heard a commotion outside of his mother's apartment and went out to investigate. Plaintiff says he saw his brother and a few neighbors being detained by several police officers. Plaintiff alleges that Defendant Law then approached Plaintiff and asked him what he was looking at. Plaintiff claims that he told Law that his brother was being detained. Plaintiff contends that Law then told Plaintiff to leave the scene or he would be in trouble. Plaintiff says he refused. Plaintiff alleges that Law then handcuffed him and transported him to the St. Louis County Justice Center. Plaintiff says that Defendants Flanagan, Bradly, Noonan, Wally,

Stoner, Williams, and Cunningham were present and allowed Plaintiff to be arrested. Plaintiff claims that Law later falsely charged him with sale of a controlled substance.

Plaintiff says that the misconduct to which he was allegedly subject to was "consistent with an institutionalized practice of the St. Louis County Police Department, which was known to and ratified by Defendant Jerry Lee and [St. Louis County], the Defendants having at no time taken any effective action to prevent St. Louis County Police personnel from continuing to engage in such conduct." Plaintiff further alleges that Defendant Lee failed to adequately train his personnel.

2. Standard of Review Under 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a Defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named Defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

3. <u>Discussion</u>

The amended complaint survives initial review under 28 U.S.C. § 1915(e) as to Defendants Higginbotham, Wiese, Whitson, and Law in their individual capacities. As a result, the Court will vacate its Memorandum and Order and Order of Partial Dismissal dated April 29, 2010. The Court will also deny, as moot, Defendant Wiese's motion to dismiss, which was directed to the initial complaint.

To state a claim against St. Louis County, Plaintiff must plead sufficient facts to show that a policy or custom of the County is responsible for the alleged constitutional violation. <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 690-91 (1978). While Plaintiff has stated that the County de facto ratified the alleged misconduct of the individual Defendants, Plaintiff has failed to identify an actual policy or custom that led to the alleged violations. Furthermore, the allegations regarding the County are wholly conclusory and fail to state any facts that would entitle Plaintiff to relief. As a result, the Court will dismiss the County from the amended complaint.

Furthermore, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989). As a result, the claims against Defendants in their official capacities will be dismissed.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." <u>Madewell v. Roberts</u>, 909 F.2d 1203, 1208 (8th Cir. 1990); <u>see also</u> <u>Martin v. Sargent</u>, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not

cognizable under § 1983 where Plaintiff fails to allege that Defendant was personally involved in or directly responsible for the incidents that injured Plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, Plaintiff has not set forth any facts indicating that Defendants Flanagan, Bradly, Noonan, Wally, Stoner, Williams, or Cunningham were directly involved in or personally responsible for the alleged violations of his constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to these Defendants, and these Defendants will be dismissed.

Although the doctrine of respondeat superior does not apply in cases brought pursuant to § 1983, see Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983), "a supervisor may be held individually liable under § 1983 . . . if a failure to properly supervise and train the offending employee caused a deprivation of constitutional rights." Wever v. Lincoln County, Nebraska, 388 F.3d 601, 606 (8th Cir. 2004). To establish such liability, "[t]he Plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." Id. Plaintiff's allegations that Lee failed to adequately train his officers are wholly conclusory and do not specify any facts that would subject him to supervisory liability under § 1983. As a result, the Court will dismiss Lee from this action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to file an amended complaint [Doc. No. 51] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Memorandum and Order and Order of Partial Dismissal dated April 29, 2010, [Doc. Nos. 42 and 43] are **VACATED**.

**IT IS FURTHER ORDERED** that Defendant Wiese's motion to dismiss [Doc. No. 52] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to Defendant Mark Whitson.[2]

**IT IS FURTHER ORDERED** that Defendants Higginbotham, Wiese, Whitson, and Law shall respond to Plaintiff's amended complaint.

**IT IS FURTHER ORDERED** that Defendants St. Louis County, Lee, Flanagan, Bradly, Noonan, Wally, Stoner, Williams, and Cunningham are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that Plaintiff's claims directed against the individual Defendants in their official capacities, are **DISMISSED**.

---

[2] Whitson is alleged to be a police officer for St. Louis County.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 29th day of July, 2010.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE