UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1208 AGF |
| | ) | |
| CRAIG HIGGINBOTHAM, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's third motion to file an amended complaint. Defendants oppose the motion on the basis that the proposed amendments are frivolous. The Court agrees with Defendants, and the Court will deny the motion.

### Standard

Federal Rule of Civil Procedure 15(a) mandates that a court freely allow amendments to a complaint "when justice so requires."

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review Plaintiff's proposed amended complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). If the amended complaint, or any part of it, is dismissible under 28 U.S.C. § 1915(e), the Court may deny the motion to amend. E.g., Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to append frivolous or repetitive allegations to [his or] her complaint at any stage in the proceedings.").

**Background**

Plaintiff originally brought suit against Defendants Higginbotham, Law, Flanagan, and Wiese. On May 26, 2010, Plaintiff filed a motion to amend his complaint, which was denied without prejudice because he did not submit a proposed amended complaint. On June 15, 2010, Plaintiff filed his second motion to amend. In his proposed amended complaint, Plaintiff attempted to add eight individuals and St. Louis County. Plaintiff further attempted to add several new claims. Subsequently, the Court reviewed the amended complaint under 28 U.S.C. § 1915(e) and determined that

it stated viable claims against Defendants Higginbotham, Wiese, Whitson, and Law but that it was frivolous as to the other parties. The Court allowed the amendment, but the Court dismissed the frivolous portions of the amended complaint.

## The Amended Complaint

Plaintiff's proposed amended complaint is substantially the same as the one he filed in June. Named as Defendants are St. Louis County, Jerry Lee (Chief of Police, St. Louis County Police Department), Jim Buckles (Sheriff, St. Louis County), Craig Higginbotham (Police Officer, St. Louis County Police Department), Douglas Wiese (same), Mark Whitson (same), Jason Law (same), Brian Flanagan (same), Michael Bradly (same), Thomas Noonan (same), Eric Wally (same), James Stoner (same), Allen Williams (same), and Timothy Cunningham (same).

Plaintiff alleges that on May 25, 2007, he was standing on the front porch of his mother's apartment talking to his neighbors. Plaintiff says that Defendant Higginbotham approached him there and ordered him to go inside the apartment but that he refused to do so. Plaintiff claims that Higginbotham then ordered him to produce his state identification and that he again refused to do as Higginbotham ordered. Plaintiff alleges that Higginbotham then took him into custody and took him to the St. Louis County Justice Center. Plaintiff claims he was never charged with any offense as a result of the incident.

Plaintiff alleges that on May 16, 2007, he made a formal complaint against Defendant Whitson, Defendant Wiese, officer Brandt, and officer Fumagalli. Plaintiff maintains that on May 31, 2007, Whitson and Wiese forced their way into his mother's apartment, grabbed him, and pulled him out of the apartment. Plaintiff says one of the Defendants stated that he was under arrest due to a warrant. Plaintiff claims he tried to run away but that either Whitson or Wiese shot him in the back with a Taser. Plaintiff alleges that while he was on the ground and complying with Defendants' commands they shot him with the Taser three or four more times.

Plaintiff states that on July 11, 2007, he heard a commotion outside of his mother's apartment and went out to investigate. Plaintiff says he saw his brother and a few neighbors being detained by several police officers. Plaintiff alleges that Defendant Law then approached Plaintiff and asked him what he was looking at. Plaintiff claims that he told Law that his brother was being detained. Plaintiff contends that Law then told Plaintiff to leave the scene or he would be in trouble. Plaintiff says he refused. Plaintiff alleges that Law then handcuffed him and transported him to the St. Louis County Justice Center. Plaintiff says that Defendants Flanagan, Bradly, Noonan, Wally, Stoner, Williams, and Cunningham were present and allowed Plaintiff to be arrested. Plaintiff claims that Law later falsely charged him with sale of a controlled substance.

Plaintiff alleges that Defendants Buckles and Lee, as officials of St. Louis County with policy making authority, "promulgated, institutionalized, or at least condoned a policy, custom or practice of their subordinates of unconstitutional investigatory stops."

**Discussion**

To state a claim against St. Louis County, Plaintiff must plead sufficient facts to show that a policy or custom of the County is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). While Plaintiff alleges, in a conclusory fashion, that a policy or custom existed, he has failed to plead any facts showing an actual policy or custom that led to the alleged violations. As a result, the proposed amended complaint is frivolous as to St. Louis County. Plaintiff's allegations against Buckles and Lee are frivolous for this reason as well.

Furthermore, naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). As a result, the claims against Defendants in their official capacities are legally frivolous.

Plaintiff's allegations against Flanagan, Bradly, Noonan, Wally, Stoner, Williams, and Cunningham are frivolous because they do not rise to the level of a constitutional violation.

Plaintiff's proposed amendments to the complaint are frivolous, as they were when he presented them to the Court in June. Plaintiff merely added conclusory language to the claims with the apparent hope that doing so would reach a different result. Because the proposed amendments are frivolous and repetitive, the Court will deny Plaintiff's motion to amend.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to amend the complaint [Doc. #65] is **DENIED**.

Dated this 22nd day of November, 2010.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE