# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN M. TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV1208 AGF |
| | ) | |
| CRAIG HIGGINBOTHAM, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This mater is before the Court on Plaintiff's motion for extension of time and Defendants' motion to compel initial disclosure. Plaintiff says that he has not been able to comply with the Case Management Order because he was placed in disciplinary segregation and moved to a different facility. Defendants move the Court to compel Plaintiff to file his initial disclosures. Under these circumstances, the Court finds that justice is best served by granting Plaintiff's motion and amending the Case Management Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for extension of time [Doc. #71] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel [Doc. #75] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Case Management Order dated September 13, 2010, is **amended** as follows:

1. No later than **January 7, 2011** each party shall disclose to the other party the following:

(A) Plaintiff shall submit to the Defendant a list, including addresses, of all persons having knowledge or information of the facts giving rise to Plaintiff's claim.

(B) Plaintiff shall submit to the Defendant all documents that Plaintiff believes mention, relate to, or in any way support Plaintiff's claim.

(C) Defendant(s) shall submit to the Plaintiff a list of the names and home or business addresses of all persons having knowledge or information of the facts giving rise to Plaintiff's claim, subject to the following exception. In the case of persons no longer employed by the relevant governmental or other entity, defense counsel may, in lieu of providing an address, state that the person may be contacted through defense counsel; Defendant(s) shall provide home and business addresses for such persons to the United States Marshal on an ex parte basis, if requested by the Marshal or ordered by the Court.

(D) Defendant(s) shall provide a description, by category and location, of all documents which are relevant to the facts giving rise to Plaintiff's claim. Defendant(s) shall, at their option, provide copies of the described documents to the Plaintiff, or allow Plaintiff to inspect the documents and obtain copies, with the following exceptions. Defendant(s) need not produce individual files of other prisoners who are not parties to the action. Defendant(s) may object to the disclosure of documents by serving written objections upon the Plaintiff, in lieu of producing the documents to which the objections apply.

Failure to make the above disclosures may result in sanctions, including dismissal, entry of default judgment or any other sanction that the Court deems just.

2. Following disclosure each party may engage in discovery under the Federal Rules of Civil Procedure but <u>all</u> discovery in this case must be completed by

**March 7, 2011**.  Parties shall file motions to compel in a prompt manner and in no event after the discovery deadline.

       3.    Defendants are granted leave of Court, pursuant to Rule 30(a), Fed.R.Civ.P., to take the deposition of Plaintiff, upon reasonable notice.

       4.    The Court will not entertain any motion to stay discovery or disclosure based upon the defense of qualified immunity unless such a motion is accompanied or preceded by a detailed brief setting forth the specific factual and legal reasons (with appropriate case citations) qualified immunity applies to this case.

       5.    Any motion for summary judgment must be filed no later than **April 7, 2011**.  Opposition briefs shall be filed no later than **May 6, 2011** and any reply brief may be filed no later than **May 16, 2011**.  Failure to timely file a motion for summary judgment will waive a party's right to do so before trial.

This order specifically preempts any provision of local rule to the contrary.  It is anticipated that if a summary judgment motion is filed, the case will not be set for trial until after the motion has been ruled upon.  If no motion for summary judgment is filed by the date set above, the case will be set for trial forthwith.

Dated this 7th day of December, 2010.

 

AUDREY G. FLEISSIG  
UNITED STATES DISTRICT JUDGE